GA ENTERPRISES, INC., suing derivatively on behalf of itself and Leisure Living Communities, Inc.

v.

LEISURE LIVING COMMUNITIES, INC., et al.

Civ. A. No. 73-430.

United States District Court, D. Massachusetts.

March 7, 1973.

Mark Crane, Hopkins, Sutter, Owen, Mulroy & Davis, Chicago, Ill., for John S. Swift.

Owen F. Clarke, Jr., Sullivan & Worcester, Boston, Mass., for Anne Bowron, Executrix.

John S. Hopkins III, R. K. Gad III, Ropes & Gray, Boston, Mass., for Gould H. Coleman.

David L. Weltman, Foley, Hoag & Eliot, Boston, Mass., for John S. Swift.

Gael Mahoney, Hill & Barlow, Boston, Mass., for John Chamberlain.

John J. Curtin, Jr., Bingham, Dana & Gould, Boston, Mass., for First Nat. Bank of Boston.

Edward McLaughlin, Jr., Herrick, Smith, Donald, Farley and Ketchum, Boston, Mass., for Leisure Living Communities, Inc.

## ORDER

FREEDMAN, District Judge.

This is a stockholder's derivative suit brought by GA Enterprises, Inc. on behalf of itself and Leisure Living Communities, Inc., and it also alleges violations of the Securities Act of 1933, 15 U.S.C. § 77a. Plaintiff requests a preliminary injunction, submitting three prayers for relief: First, that defendant Leisure Living Communities, Inc. and its transfer agent-codefendant, The First National Bank of Boston, be enjoined from transferring any of the common stock of Leisure Living Communities, Inc., owned by the individual defendants in this case; Second, that Leisure Living Communities, Inc. and the individual defendants be enjoined from disposing of their assets of property other than in the usual and ordinary course of business; Third, that a receiver of the property and good will of Leisure Living Communities, Inc. be appointed by the Court in order to carry on the business and conserve the assets of the corporation.

After due consideration of the arguments heard on February 26, 1973 and memoranda of law and affidavits filed by the parties, the Court ORDERS that plaintiff's prayers for preliminary injunction and receiver be, and are denied.

The test this Court must apply in deciding whether plaintiff is entitled to injunctive relief is whether plaintiff has shown immediate and irreparable harm resulting to it if said injunction is not granted and that there is a probability that plaintiff will ultimately prevail after a full trial on the merits. Boston Professional Hockey Association v. Cheevers, 348 F.Supp. 261 (D.Mass., 1972); Cuneo Press of New England v. Watson, 293 F.Supp. 112 (D.Mass., 1969); Automatic Radio Mfg. Co. v. Ford Motor Co., 390 F.2d 113 (1st Cir., 1968).

■ Plaintiff argues that unless an injunction is allowed defendants may have insufficient assets, other than stock holdings, to satisfy a judgment, and that irreparable injury will result if defendants are permitted to dispose of such assets. Plaintiff's attorney's affidavit restates this belief. The possibility that defendants may not have assets at some future date to satisfy a judgment which to date has not been rendered does not amount to a showing of "immediate and irreparable harm." Although plaintiff desires an injunction, an extraordinary remedy of a preliminary injunction will not issue until this Court is convinced that plaintiff will suffer immediate and irreparable harm by its denial. Such is not the case here.

■ The Court must also consider the probability that plaintiff will ultimately prevail on the merits. It is premature to be able to judge such success at this time, as there are many questions of fact as well as law to be decided. Needless to say, a mere possibility of success, in the absence of any other weighty consideration, should not move this Court to grant the drastic relief sought. Wickes v. Belgian American Educational Foundation, 266 F.Supp. 38, 41 (S.D.N.Y., 1967).

■ An additional consideration of granting injunctive relief must be its effect upon the parties in the litigation. Boston Professional Hockey Association v. Cheevers, supra, 348 F.Supp. p. 269. In the present case, the Court finds that defendants will suffer more drastically by the granting of an injunction than plaintiffs would by its denial. The affidavit of Bernard Mayer, president of the defendant corporation, leads this Court to believe, and consequently to find, that the corporation's solvent financial position could be severely jeopardized if the injunction were granted. The affidavit of Ralph Fifield, senior vice-president of The First National Bank of Boston, further substantiates the real financial problems which could occur to the defendant corporation if this Court issued the relief requested.

■ Plaintiff has also requested that a receiver be appointed to conserve the assets and good will of the defendant

corporation. Plaintiff justifies the appointment on grounds that the company has suffered financial losses. "The appointment of a receiver is, like an injunction, an extraordinary remedy, and ought never to be made except in cases of necessity upon a clear showing that . . . emergency exists, in order to protect the interests of the plaintiff in the property." 7 Moore, Federal Practice ¶ 66.05 at p. 1920.2 (2d ed., 1972). Although Bernard Mayer states in his affidavit that the company's financial situation is critical, he also emphasizes that the company is presently able to meet its financial obligations as they are due and that its assets presently exceed its liabilities. Ralph Fifield, in his affidavit, states that the defendant company will be able to obtain future financing if the status quo continues and that an appointment of a receiver would have an unfavorable effect on its financial status.

Under these circumstances the Court finds that the plaintiff has not proved such necessity and emergency as would require the appointment of a receiver. On the contrary, this Court believes a receiver would be harmful to the financial status of the defendant corporation.

In conclusion, the Court finds that plaintiff has failed to sustain the burden of showing a probability of irreparable harm if the preliminary injunction were denied. Although plaintiff conceivably might prevail on the merits, the hardships to the defendants if the injunction were granted tip the scales in favor of the defendant considering that plaintiff failed to show irreparable harm. Plaintiff has also failed to sustain the burden of showing the existence of an emergency that would justify the appointment of a receiver for the defendant corporation.

Therefore, it is ordered that the prayers for preliminary injunctions against Leisure Living Communities, Inc., the individually named defendants, and The First National Bank of Boston be, and are denied in each respective case. It is further ordered that the prayer for an appointment of a receiver for Leisure Living Communities, Inc. is also denied.