**John G. BOOKOUT, as receiver for Modern Home Life Insurance Co., Plaintiff-Appellee,**

v.

**FIRST NATIONAL MORTGAGE AND DISCOUNT COMPANY, INC., and Atlas Financial Corporation, et al., Defendants-Appellants.**

**No. 74–3769**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 1, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

pendente lite for the purposes of managing the defendants and marshaling the collateral together with its proceeds.

 We have carefully examined the defendants'-appellants' objections to the receivership and find them to be without merit. The appointment of a receiver, otherwise proper, is not to be defeated for lack of sworn pleading or the absence of a full evidentiary hearing. *See* Haase v. Chapman, W.D.Mo.1969, 308 F.Supp. 399. Considering the probability of success on the merits, the appearance of fraudulent conduct, the imminent danger of further injury to the collateral, and the balance of the equities,[1] we are of the opinion that no abuse of discretion has been demonstrated.

Finding no error, the order appointing the receiver *pendente lite* is affirmed on the basis of District Judge Freeman's well-reasoned opinion, 395 F.Supp. 1338 (1974).

Warren A. Rosser, Chamblee, Ga., for Atlas.

J. Roger Thompson, H. A. Stephens, Jr., Atlanta, Ga., for First Nat'l Mortgage & Discount.

Warren W. Wills, Jr., Atlanta, Ga., Charles M. Crook, Montgomery, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Following discovery and a conference with the parties, the district court found substantial reason to suspect that the Atlas defendants had caused certain collateral to be fraudulently conveyed by, through, and to affiliated corporate defendants, to the probable detriment of a secured party which is the plaintiff in Modern Home Life Ins. Co. v. Atlas Financial Corp., et al., Civ. No. C74–302A, now pending before the district court. The court thereupon appointed a receiver

---

1. *See* 12 Wright & Miller, Federal Practice and Procedure § 2983, at 22–24.