**Chahram PAHLAVI, Plaintiff, Appellee,**

v.

**Petros A. PALANDJIAN, Defendant, Appellant.**

No. 84–1218.

United States Court of Appeals, First Circuit.

Argued Sept. 6, 1984.

Decided Oct. 3, 1984.

---

M. Frederick Pritzker, Boston, Mass., with whom Elizabeth A. Ritvo, Brown, Rudnick, Freed & Gesmer, Boston, Mass., were on brief, for defendant, appellant.

Gene K. Landy, Boston, Mass., with whom Steven M. Sayers, and Widett, Slater & Goldman, Boston, Mass., were on brief, for plaintiff, appellee.

Before COFFIN and BOWNES, Circuit Judges, and SELYA,* District Judge.

COFFIN, Circuit Judge.

Defendant Petros A. Palandjian appeals both the district court's granting of summary judgment in favor of plaintiff Chahram Pahlavi and its certification under Federal Rule of Civil Procedure (Fed.R.Civ.P.) 54(b) that the judgment was final and appealable despite Palandjian's pending counterclaims.[1] This appeal has required us to review and announce for perhaps the first time the extent of a judge's obligation un-

---

* Of the District of Rhode Island, sitting by designation.

1. A third issue concerns the district court's award of interest to the plaintiff. Our disposition of the case makes it unnecessary to address this issue.

der Rule 54(b). Our analysis forces us to conclude that the court's conclusory certification under the circumstances of this case was an abuse of discretion. We dismiss the appeal.

## I. The Facts

It is undisputed that in March 1979 defendant Palandjian endorsed a check for $127,400 payable to plaintiff Pahlavi and deposited it in his own account. Two months later, in May 1979, Pahlavi demanded the money and Palandjian wrote a personal check to Pahlavi for $127,400. The check bounced when Palandjian directed his bank not to make payment on it. Pahlavi filed suit based, inter alia, on the bounced check, and Palandjian filed counterclaims alleging that Pahlavi, a nephew of the late Shah of Iran, owed him $125,000 for construction work on Pahlavi's personal palace near Teheran, Iran, for the use of airplanes and pilots furnished by Palandjian at Pahlavi's request, and for a pair of cuff links which Pahlavi allegedly borrowed but never returned. Palandjian's defenses to the original complaint also involved these old debts; he allegedly stopped payment on the check when Pahlavi failed to carry out his part of an agreement to clear up the money issues between the two men.

Despite the factual overlap between the claim and counterclaims, the district court granted Pahlavi's motion for summary judgment, and left pending Palandjian's counterclaims. The court certified the summary judgment ruling as final under Fed.R.Civ.P. 54(b), *Pahlavi v. Palandjian,* No. 83–0437–Z (D.Mass. Feb. 6, 1984) (order granting summary judgment), thereby allowing an appeal to proceed on plaintiff's claim. If the district court improperly applied Fed.R.Civ.P. 54(b), we would have no jurisdiction to rule substantively on the appeal,[2] and so our consideration of this case must first focus on that rule.

## II. Fed.R.Civ.P. 54(b) [3]

Rule 54(b) allows the entry of judgment, and thus an appeal, on one or more, but fewer than all the claims, in a multi-claim action. It is an exception from the traditional rule against piecemeal disposal of litigation, and it was adopted in view of the wide scope given to a "civil action" by the Federal Rules of Civil Procedure. Fed.R. Civ.P. 54(b) advisory committee note (1946 amendment); *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 432–33, 76 S.Ct. 895, 897–99, 100 L.Ed. 1297 (1956). Its goal was "to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed.R.Civ.P. 54(b) advisory committee note (1946 amendment); *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360 (3d Cir.1975) ("The rule attempts to strike a balance between the undesirability of piecemeal appeals and the

**2.** Although not stating so in explicit language, the Supreme Court in *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956), indicated that a case properly would be dismissed for lack of appellate jurisdiction under 28 U.S.C. § 1291 if the district court had abused its discretion in certifying that there is "no just reason for delay" under Rule 54(b). *See, e.g., Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 966 (9th Cir.1981) (vacating summary judgment order); *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 367 (3d Cir.1975) (dismissing appeal and vacating so much of order which entered judgment pursuant to Rule 54(b)).

**3.** The text of Rule Fed.R.Civ.P. 54(b) is as follows:

"**Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

need for making review available at a time that best serves the needs of the parties." 521 F.2d at 363).

Under Rule 54(b), a district court may direct entry of judgment on fewer than all the claims in an action "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R. Civ.P. 54(b). The U.S. Supreme Court has described the function of the district court under Rule 54(b) as that of a " 'dispatcher' " with the discretion to decide when each final decision in a multiple claims action is ready for appeal. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980), *quoting Sears, Roebuck & Co.*, 351 U.S. at 435, 76 S.Ct. at 899. Any abuse of that discretion remains reviewable by the court of appeals. 446 U.S. at 8, 100 S.Ct. at 1465.

It is this court's initial task, therefore, to determine whether the district court properly fulfilled its role as dispatcher under Rule 54(b) when it certified its judgment on plaintiff Pahlavi's claim for appeal even though defendant Palandjian's counterclaims were pending.

### III.  Discussion

In *Curtiss-Wright Corp. v. General Electric*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), the Supreme Court stated that:

> "The mere presence of [nonfrivolous counterclaims] ... does not render a Rule 54(b) certification inappropriate. If it did, Rule 54(b) would lose much of its utility.... [C]ounterclaims are not to be evaluated differently from other claims. Like other claims, their significance for

Rule 54(b) purposes turns on *their interrelationship with the claims on which certification is sought."* 446 U.S. at 9, 100 S.Ct. at 1465 (citations omitted; emphasis added).

In this case, the overlap between factual issues in the plaintiff's claim and in the defendant's counterclaims appears to be extensive. The parties have addressed in their briefs to this court conflicting interpretations of conversations between the plaintiff and defendant concerning the alleged debts between them, a conflict which seems destined to reappear if an appeal is taken on the counterclaims. Thus, on the record as we received it, it appears that the equities must weigh in favor of defendant Palandjian; the claims are closely connected, and requiring immediate payment of the $127,400 imposes a substantial economic burden that may be unnecessary if the counterclaims are resolved in favor of the defendant.[4] Although the district court did require that the plaintiff post a substantial bond as a condition to execution on the judgment, that action at best only partially relieves this burden.

We do not base our decision on this cursory assessment of the equities, however. Although it seems unlikely that a Rule 54(b) certification is appropriate in this case,[5] it should be up to the district court in the first instance to make the specific determination. It may be, for example, that the district could base its decision entirely on a legal issue which an appeals court could review in isolation from the counterclaims. In this case, however, the district judge stated only "That plaintiff's motion for the entry of judgment be and it hereby is allowed as there is no just reason for delay." *Pahlavi v. Palandjian*, No. 83–

---

**4.** We do not mean to suggest that we have considered the substantive issues involved in this case to determine that the defendant owes this money to the plaintiff. We have merely assumed the district court judgment would stand for purposes of illustrating our concern with the Rule 54(b) certification.

**5.** In *Curtiss-Wright*, 446 U.S. at 10, 100 S.Ct. at 1466, the Supreme Court noted that appellate review of Rule 54(b) cases has two stages. The

first is to "scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." It is only after this first test is met that the appeals court should go on to review the trial court's assessment of the equities, giving substantial deference to the trial court's discretion. This case fails to pass the first step.

0437–Z (D.Mass. Feb. 6, 1984) (order granting summary judgment). Since this certification comes to us without explanation, we are unable to make the required review. Thus, we have no choice but to vacate the Rule 54(b) certification here as an abuse of discretion by the district court.

At the least, a district court in cases such as this has an obligation to explain its conclusion that there is "no just reason for delay" in entering final judgment. We do not impose a rigid requirement on the district court to prepare a written statement in every case to justify its Rule 54(b) actions. However, in cases where the claims appear to be so closely related, and the possibility of setoff thus suggests there is "just reason for delay", a statement of the district court's contrary conclusion is clearly most helpful if not indispensable to an intelligent appellate review of the district court's exercise of discretion. We therefore join at least five other circuits which endorse this practice.[6]

Since the Rule 54(b) certification in this case was improper, this court has no jurisdiction to consider the merits of the grant of summary judgment.[7] The appeal will be dismissed with a direction to the district court that it vacate so much of its Feb. 6, 1984 order as entered judgment pursuant to Rule 54(b).

*The case is remanded to the district court for further proceedings consistent with this opinion. No costs.*

---

**6.** *Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981); *Rothenberg v. Security Management Co.,* 617 F.2d 1149, 1150 (5th Cir. 1980) (per curiam); *U.S. General, Inc. v. City of Joliet,* 598 F.2d 1050, 1051 n. 1 (7th Cir.1979); *Arlinghaus v. Ritenour,* 543 F.2d 461 (2d Cir. 1976); *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 364 (3d Cir.1975).

"[I]t would be helpful to ... [the court of appeals] in reviewing the exercise of discretion in granting a Rule 54(b) certificate if the [district] court, rather than incorporating in the certificate the conclusory language of Rule 54(b), would make a brief reasoned statement in support of its determination that 'there is no just reason for delay' and its express direction for 'the entry of a final judgment as to one or more but fewer than all of the claims or parties' where the justification

for the certificate is not apparent." *Gumer v. Shearson, Hammill & Co.,* 516 F.2d 283, 286 (2d Cir.1974).

"The benefit of such a reasoned statement is not merely that ... it will aid us in discharging our duty to review the district court's exercise of discretion in issuing the certificate, ..., but that it will aid the district judge himself. A decisionmaker obliged to give reasons to support his decision may find they do not...." *Arlinghaus,* 543 F.2d at 464 (citations omitted).

*Cf. Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 5–6, 100 S.Ct. 1460, 1463–1464, 64 L.Ed.2d 1 (1980); *Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1369–70 (11th Cir.1983).

**7.** *See* note 3, *supra.*