CONSOLIDATED RAIL CORPORA-TION, Plaintiff, Appellee,

v.

FORE RIVER RAILWAY CO., Defendant, Appellant.

No. 88–1114.

United States Court of Appeals, First Circuit.

Heard Sept. 14, 1988.

Decided Nov. 16, 1988.

---

Holly K. Salamido with whom Richard D.
Bickelman and Deutsch Williams Brooks
DeRensis Holland & Drachman, P.C., Bos-

ton, Mass., were on brief, for defendant, appellant.

Michael A. Fitzhugh with whom Clinton R.G. Anderson and Fitzhugh & Associates, Boston, Mass., were on brief, for plaintiff, appellee.

Before TORRUELLA and SELYA, Circuit Judges, and ATKINS,* Senior District Judge.

TORRUELLA, Circuit Judge.

Fore River Railway Company ("Fore River") appeals an order of the district court granting partial summary judgment in favor of Consolidated Rail Corporation ("Conrail") pursuant to Fed.R.Civ.P. 56. Because we find that the district court improperly certified its judgment under Fed.R.Civ.P. 54(b), we dismiss that part of the appeal for lack of jurisdiction. In addition, Fore River appeals the appointment of a receiver for its assets, as ordered by the court on January 15, 1988 and modified by order dated March 10, 1988. That order is appealable and, considering its merits, we affirm.

## I.

Both parties agree to the relevant facts of this case. Conrail and Fore River are common carriers, licensed to engage in the transportation of freight by rail. On February 17, 1987, Conrail filed a complaint in the United States District Court for the District of Massachusetts seeking to recover unpaid freight charges allegedly collected by Fore River on Conrail's behalf. After lengthy negotiations, the parties entered into a settlement agreement for the purpose of resolving the dispute. Several points of contention remained, however, particularly concerning the exact amount for which Fore River would be liable. Conrail moved for the scheduling of a pretrial conference, at which the court could assist the parties in reaching a complete settlement or a consent decree.

Subsequently, the parties filed cross-motions for summary judgment. Fore River claimed that the liability figure in the draft agreement was definitive; Conrail claimed that the settlement amount should be revised upward. On December 2, 1987, the court found that the parties had reached an agreement and ordered Fore River to pay Conrail the lump sum of $220,000 initially due under the settlement agreement within ten days of entry of that order. On December 14, Fore River moved for an extension of time, asserting that it would be unable to comply with the court's order until December 30, 1988. On December 31, the court ordered Fore River to pay the $220,000 lump sum within twenty-four hours.

Upon Fore River's failure to comply with the court order, the district court vacated its original judgment upholding the settlement agreement. At a hearing on January 15, 1988, the court entered partial summary judgment in favor of Conrail for the amount of $524,832.74. The court also appointed a receiver of the assets of Fore River to satisfy the partial judgment. Upon motion of the receiver, the court on March 10, 1988 further clarified the receiver's duties. The court ordered that the receiver was to pursue remedies on behalf of all of Fore River's general and unsecured creditors, although not named parties in this action, even after satisfaction of Conrail's judgment.

## II.

The first issue presented in this appeal is whether the district court properly granted certification under Rule 54(b), which authorizes the district judge in a multi-claim dispute "to direct the entry of a final judgment as to one or more but fewer than all of the claims."[1] Appeal of the judgment

---

* Of the Southern District of Florida, sitting by designation.

1. The full text of Rule 54(b) reads:

 Judgment upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just

on that claim would then be permissible under 28 U.S.C. § 1291. If, however, the district court did not properly grant certification under the Rule, this court lacks jurisdiction and we must dismiss the appeal.[2]

Rule 54(b) thus recognizes that in some instances it is appropriate to appeal a final decision on some claims before final decisions on all of the claims have been reached. *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 363 (3d Cir.1975). Concurrent with Rule 54(b), however, there is the longstanding policy against allowing numerous interim dispositions throughout an action. *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42 (1st Cir.1988) (citing *Pahlavi v. Palandjian*, 744 F.2d 902, 903 (1st Cir.1984); *Makuc v. American Honda Motor Co.*, 692 F.2d 172, 173 (1st Cir.1982) (per curiam)). Piecemeal appeals should not be allowed unless the need for early and separate judgment as to a particular claim truly outweighs the risk of flooding the appellate docket. *Spiegel*, 843 F.2d at 42; *Santa Maria v. Owens–Illinois, Inc.*, 808 F.2d 848, 854 (1st Cir.1986). "Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case....' It follows that 54(b) orders should not be entered routinely or as a courtesy or accomodation to counsel." *Panichella v. Pennsylvania Railroad Co.*, 252 F.2d 452, 455 (3d Cir.1958) (quoting Fed.R.Civ.P. 54(b) advisory committee's note (1946 amendment)). Thus, in determining the appropriateness of a Rule 54(b) certification, the court must remain cognizant of these considerations.

To satisfy Rule 54(b), a court first must determine "that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)). This determination of finality is governed by 28 U.S.C. § 1291 in that a judgment is final only where it "leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). "Rule 54(b) ... scrupulously recognizes the statutory requirement of a 'final decision' under § 1291 as a basic requirement for an appeal to the Court of Appeals...." *Sears, Roebuck*, 351 U.S. at 437–38, 76 S.Ct. at 900–01.

After a determination of finality, the court must in its discretion decide that there exists, in the words of the Rule, "no just reason for delay." The court must determine whether, even though the judgment is final, it is desirable for the decision to be appealed at *that* point. This requires that the facts of each case be closely examined to ensure that allowing an appeal will not wrongly fragment the case. *See Spiegel*, 843 F.2d at 43. A court also should examine whether finality of judgment will advance the interests of judicial administration and public policy. *See Allis–Chalmers*, 521 F.2d at 365.

After the court concludes that the judgment is appropriate for certification, the court is obliged to specifically enumerate all of the factors and concerns relied upon when reaching its decision. *Spiegel*, 843 F.2d at 43 & n. 4; *Knight v. Mills*, 836 F.2d 659, 661 n. 2 (1st Cir.1987); *Santa Maria*, 808 F.2d at 854. If the court so specifies the bases for its decision, then the

---

reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of

judgment adjudicating all the claims and the rights and liabilities of all the parties.

2. Although neither counsel has raised this question, we are obligated to address the issue on our own initiative because it concerns our very jurisdiction to hear this appeal. *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir.1988).

discretion of the district court will be accorded great deference. *Spiegel*, 843 F.2d at 44. In a case such as this, however, where the court has failed to indicate any reason for its decision, we will conduct our review de novo.

■ We do not need to explore whether the judgment has the requisite finality to satisfy the Rule because, as we explain below, there was "just reason for delay." Use of Rule 54(b) was, therefore, inappropriate.

First, regardless of the partial judgment entered, this action remains pending for trial in the district court with precisely the same parties. Conrail and Fore River still have further claims to litigate. Application of Rule 54(b) is particularly inappropriate "when the contestants on appeal remain, simultaneously, contestants below." *Spiegel*, 843 F.2d at 44.

The four counts in Conrail's complaint allege Fore River's breach of express contract, breach of implied contract, breach of duties as trustee, and false representations, all resulting in the loss of freight charges collected by Fore River. The district court granted summary judgment on the first three of these counts but reserved decision on Conrail's Chapter 93a claim for damages resulting from Fore River's alleged false representations. The nature of those claims dismissed and those remaining greatly overlap. Each alleges liability for lost freight charges and requests the identical relief of $501,995.56 in damages.

A favorable decision on the Chapter 93a claim necessarily would moot the other three counts, as the requested relief for all of the claims is identical. The need for appeal would then exist no longer. This possibility must weigh heavily against Rule 54(b) certification. *Spiegel*, 843 F.2d at 45.

Furthermore, all of the counts arise from identical facts: Fore River has allegedly retained freight charges collected on Conrail's behalf. Although pleading alternative grounds for relief, Conrail's claims arise from essentially the same factual assertions. "A similarity of either legal or

factual issues (or both) militates strongly against invocation of Rule 54(b)." *Spiegel*, 843 F.2d at 45.

We see nothing compelling jurisdiction in this case. There are no facts indicating exigencies that would require us to find otherwise, nor will grave injustice befall either party if we do not allow the instant appeal. We therefore dismiss this part of the appeal, finding that the district court wrongly found "no just reason for delay" and thus improperly certified this judgment under Rule 54(b).

### III.

■ Fore River also appeals the appointment of a receiver for its assets.[3] A receiver was appointed, pursuant to 28 U.S.C. § 754 (1982), to take control and management of Fore River's property to ensure the preservation of the assets pending final disposition of this suit. Fore River bases its argument on its contention that the appointment of a receiver is an extraordinary remedy and will not be applied unless a clear showing is made that "emergency exists, in order to protect the interests of the plaintiff in the property." *Commodity Futures Trading Comm. v. Comvest Trading Corp.*, 481 F.Supp. 438, 441 (D.Mass. 1979) (quoting *GA Enterprises, Inc. v. Leisure Living Communities, Inc.*, 355 F.Supp. 947, 949 (D.Mass.1973)). Nevertheless, the decision to appoint a receiver clearly lies within the discretion of the court. *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 826 (3d Cir.1959); *Lias v. United States*, 196 F.2d 90, 92 (4th Cir. 1952). Thus, the appointment will not be disturbed unless there is a clear abuse of sound judicial discretion.

■ Courts have recognized many factors that are relevant for a court to consider when determining the appropriateness of the appointment of a receiver. These include fraudulent conduct on the part of the defendant, *see Burnrite Coal Briquette Co. v. Riggs*, 274 U.S. 208, 212, 47 S.Ct. 578, 579, 71 L.Ed. 1002 (1927); imminent danger that property will be lost

---

**3.** This appeal is properly brought at this stage under 28 U.S.C. § 1292(a)(2) (1982).

or squandered, *see Gordon v. Washington,* 295 U.S. 30, 37–39, 55 S.Ct. 584, 588–89, 79 L.Ed. 1282 (1935); *Garden Homes, Inc. v. United States,* 200 F.2d 299, 301 (1st Cir. 1952); the inadequacy of available legal remedies, *see Leighton v. One William Street Fund, Inc.,* 343 F.2d 565, 568 (2d Cir.1965); the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment, *see Mintzer,* 263 F.2d at 825; the plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property, *see Bookout v. First Nat'l Mortgage & Discount Co.,* 514 F.2d 757, 758 (5th Cir.1975); and whether the interests of the plaintiff and others sought to be protected will in fact be well served by the receivership, *see Commodity Futures,* 481 F.Supp. at 441.

We believe that the court below reasonably examined all of the relevant circumstances and concluded that the appointment of a receiver was justified. There was sufficient evidence to indicate a danger that the property would be imminently squandered. The court had issued a preliminary injunction enjoining the transfer of funds, in order to ensure the existence of assets if it was determined that Fore River was liable to Conrail. Although Fore River did comply with the literal mandate of the court order, it did not begin compliance with the settlement agreement. The court subsequently ordered Fore River to pay the $220,000 sum owing under the settlement agreement on two separate occasions: by order dated December 2, 1987 and by order dated December 31, 1987. Fore River failed to comply with each court order. The court had specifically instructed Fore River that if it failed to comply with the second order, then the court would vacate its prior judgment and would entertain Conrail's motion for the appointment of a receiver. By January 15, 1988, the date that the receiver was appointed, Fore River still had not complied.

Moreover, the court found that Fore River failed to account for the collected freight charges and there was evidence that such funds had been intermingled with other funds of either the company or of its officers. After an evaluation of all of these factors, as well as a determination that Conrail would likely prevail on the merits, the court ordered the appointment of the receiver. We are satisfied that the court's discretion was wisely exercised.

## IV.

Finally, Fore River appeals from the modification of the order appointing the receiver, dated March 10, 1988. In that order, the court authorized the receiver to pursue remedies on behalf of general, unsecured creditors, even after Conrail's claim had been satisfied, in order to prevent the improper preference of Conrail over other Fore River creditors. Fore River argues that the receiver's duties should be limited to enforcing Conrail's claim and thus his duties must terminate upon satisfaction of the judgment.

The appointment of a receiver brings all of the defendant's property under the exclusive control of the court and the receiver. 28 U.S.C. § 754 (1988). The court may properly draw to itself all disputes as to other rights pertaining to such property because "every court has inherent equitable power to prevent its own process from working injustice to any one...." R. Clark, *Law and Practice of Receivers* § 280(a), at 446 (1959).

The court can dismiss an equity receivership and restore the property to the debtor when the debtor becomes able and commences to satisfy the outstanding judgment. *See* J. Lucas, J. Moore & K. Sinclair, *Moore's Federal Practice* ¶ 66.04[7] (2d ed. 1988). "When the reason for continuing the receivership has ceased, the property should be discharged and restored to the owner." *Id.* (citing *United States v. Lias,* 135 F.Supp. 31 (N.D.W.Va.1955)). Nevertheless, it is discretionary and not incumbent upon the court to dismiss the receiver when the debt is discharged. The court "will, in its discretion, retain such jurisdiction for the benefit of other creditors even though the claim of the petitioning creditors may have been satisfied." *Id.*

at ¶ 66.04[3] (citing *Brown v. Lake Superior Iron Co.*, 134 U.S. 530, 10 S.Ct. 604, 33 L.Ed. 1021 (1890); *Guy v. Citizens Fidelity Bank & Trust Co.*, 429 F.2d 828 (6th Cir.1970)). In this way the court can ensure that the receiver will not deplete all of the debtor's assets on behalf of one creditor, leaving other creditors without remedy.

The court below has, to date, simply exercised its discretion to retain jurisdiction until it is satisfied that Conrail has collected the funds due to it and that collection thereof by the receiver has not unfairly prejudiced Fore River's other creditors.[4] Although the court was not under obligation to expand the receiver's authority in this way, the court's actions were in no way unreasonable or an abuse of its discretion. Therefore, we affirm.

*Remanded for action consistent with this opinion.*

4. Of course, at such time as it appears that Fore River is meeting its debts as they come due, and that emergence from receivership would work no injustice to the railroad's ·other creditors, appellant can petition the district court to end the receivership. Although the need for a receiver does not automatically expire once the petitioning creditor has been repaid, there must be some cognizable need or risk of unfair prejudice to warrant continuing a receivership thereafter.