**Charlene KINNETT**

v.

**MASS GAS & ELECTRIC LIGHT SUPPLY COMPANY.**

**Civ. No. 87–38–D.**

United States District Court,
D. New Hampshire.

Oct. 20, 1989.

Alan Cantor, Boston, Mass., John J. Cronin III, Bennington, N.H., for plaintiff.

Ronald J. Lajoie, Manchester, N.H., for defendant.

Joseph M. McDonough III, Manchester, N.H., for Easy Heat–Wirekraft.

Jeffrey B. Osburn, Manchester, N.H., for Raywall Electric Heat Products.

Raymond R. Ouellette, Dover, N.H., for Chromalox–E.L. Wiegand.

## ORDER

DEVINE, Chief Judge.

In this product liability action, plaintiff Charlene Kinnett sued three manufacturers[1] of the heat tape product which she alleges caused a January 1984 fire in which she was seriously injured. Mass Gas & Electric Light Supply Company ("Mass Gas"), the retailer that allegedly sold the defective heat tape, was also named a defendant. On June 26, 1989, this Court granted summary judgment in favor of the three manufacturers. Invoking Rule 54(b), Fed.R.Civ.P., those manufacturers now request an entry of separate and final judgment as to the claims brought against them.

Rule 54(b), in pertinent part, reads as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and

---

1. Easy Heat–Wirekraft, division of Bristol Corporation; Chromalox–E.L. Wiegand, division of Emerson Electric Company; Raywall Electric Heat Products.

upon an express direction for the entry of judgment.

Two steps must be followed in making determinations under Rule 54(b). This Court must first determine that it is dealing with a "final judgment"; that is, "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). The summary judgment entered in this action disposes of plaintiff's claims against the three manufacturers named as defendants.

Having found finality, the Court must go on to determine whether there is any just reason for delay. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). The Court's role becomes that of a "dispatcher", *Sears, Roebuck, supra*, 351 U.S. at 435, 76 S.Ct. at 899, exercising its discretion to decide "which 'final' decisions in a multi-claim action should be sent upstairs immediately and which withheld pending resolution of the entire controversy in the district court." *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988). Absent exceptional circumstances, the motion for final judgment will be denied.

> Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize "the exercise of discretionary power to afford a remedy in the infrequent harsh case...." It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel.

*Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir.1988) (quoting *Panichella v. Pennsylvania Railroad Co.*, 252 F.2d 452, 455 (3d Cir.1958)).

Defendant manufacturers argue that it would be unjust to require them to await resolution of the claims against Mass Gas since the Court has already determined that they cannot be held liable for plaintiff's injuries. Plainly, this is not the "infrequent harsh case" which requires application of Rule 54(b). Accordingly, the mo-

tions for entry of final judgment (documents 96 and 97) are herewith denied.

SO ORDERED.