Phoenix Leasing v. Cable One CATV    CV-91-164-B    01/13/93 P

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Phoenix Leasing, Incorporated

    v.                                              Civil No. 91-164-B

Cable One CATV, Limited Partnership;
Northern One CATV, Inc.


O R D E R


Plaintiff instituted this diversity action against defendants on April 23, 1991, to enforce a loan agreement which plaintiff claims is in default.  Defendants responded by filing a nine-count counterclaim, essentially alleging plaintiff caused the default, which the court dismissed on March 31, 1992, for failure to state a claim upon which relief could be granted. Presently before the court is defendants' motion under Federal Rule of Civil Procedure 54(b) for the entry of final judgment on the matters decided adversely to them.  For reasons stated below, the court denies defendants' motion.

<u>FACTS</u>

A complete presentation of the events surrounding this suit is provided in the court's March 31, 1992, Order. For purposes of addressing defendants' present motion, the relevant facts are as follows.

Plaintiff, a California corporation which specializes in leasing high technology equipment and in making secured loans to commercial borrowers, entered into a loan agreement with defendant Cable One CATV. Northern One CATV is a general partner in Cable One CATV. Less than one year later, plaintiff filed this action alleging defendants were in default under the agreement. Defendants counterclaimed alleging, among other things, that plaintiff caused the default at issue. Plaintiff moved to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), and the court granted the motion on March 31, 1992. Defendants subsequently moved for reconsideration of the March Order and for leave to amend their counterclaim, but the court denied their motion on August 20, 1992. Defendants now move for entry of final judgment of the Order dismissing their counterclaims and denying them leave to amend.

## DISCUSSION

In certain instances, Federal Rule of Civil Procedure 54(b) permits the entry of final judgment, and thus early appeal, of a particular claim or counterclaim in a multi-claim suit. <u>See</u> Fed. R. Civ. P. 54(b); <u>Geiselman v. United States</u>, 961 F.2d 1, 4 (1st Cir), <u>cert. denied</u>, 113 S. Ct. 261 (1992). Coexisting with Rule 54(b), however, is a long-settled prudential policy "against allowing numerous interim dispositions throughout an action." <u>Consolidated Rail Corp. v. Fore River Ry.</u>, 861 F.2d 322, 325 (1st Cir. 1988). Final judgments under the rule should therefore "not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." <u>Spiegel v. Trustees of Tufts College</u>, 843 F.2d 38, 42 (1st Cir. 1988). Rather, they should be reserved for the infrequent cases where "the need for early and separate judgment as to a particular claim truly outweighs the risk of flooding the appellate docket." <u>Consolidated Rail Corp.</u>, 861 F.2d at 325; <u>see also Allis-Chalmers Corp. v. Philadelphia Elec. Corp.</u>, 521 F.2d 360, 364 (3d Cir. 1975).

In considering a Rule 54(b) motion, the court must first review the finality of the questioned ruling. <u>Consolidated Rail Corp.</u>, 861 F.2d at 325; <u>Spiegel</u>, 843 F.2d at 42. If a ruling is

3

final, the court must then determine whether it is appropriate for the decision to be appealed immediately. Consolidated Rail Corp., 861 F.2d at 325. This is a case-specific inquiry which requires "an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review . . . ." Spiegel, 843 F.2d at 43; see also Consolidated Rail Corp., 861 F.2d at 325. Circumstances which strongly counsel against the application of Rule 54(b) include situations where (1) the parties on appeal remain, concurrently, parties below; (2) the factual and legal issues raised in the adjudicated and unadjudicated claims are inextricably linked; and (3) the need for appellate review may be mooted by future developments. See Spiegel, 843 F.2d at 44-46.

In the present case, the court's previous Order dismissing the counterclaim and denying leave to amend fully disposed of defendants' substantive claims and thus appears to satisfy the finality prong of the inquiry. Nevertheless, the court finds that the circumstances surrounding this case make the application of Rule 54(b) improper.

First, even if the court were to grant defendants' motion and an early appeal is taken, the action brought by plaintiff

4

would still remain pending for trial in this court with exactly the same parties. In such a situation, where the parties on appeal remain, concurrently, parties below, "[a]pplication of Rule 54(b) is particularly inappropriate . . . ." Consolidated Rail Corp., 861 F.2d at 326.

Second, the factual and legal elements of the dismissed and surviving claims are inextricably interwoven. The complaint and counterclaim stem from the same series of events: plaintiff commenced this action based on allegations that the loan was in default, while defendants responded that, among other things, it was plaintiff's acts or omissions which created the default at issue in the complaint. Such a similarity in either legal or factual issues "militates strongly against invocation of Rule 54(b)." See Spiegel, 843 F.2d at 45.

Finally, nothing submitted by defendants suggests this is the unusual case in which there is a pressing, exceptional need to relax the general prohibition against piecemeal appellate review. In their motion for entry of final judgment under Rule 54(b), defendants' principal argument is that "if the order is not certified, the factual issues litigated, and a subsequent appeal remanded, collateral factual issues would have to be relitigated in the context of defendant's counterclaims,

essentially trying twice what should have been tried once." The First Circuit Court of Appeals, however, has rejected this reasoning, stating that "[t]o entertain an early appeal just because reversal of a ruling made by the district court <u>might</u> transpire and <u>might</u> expedite a particular appellant's case would defoliate Rule 54(b)'s protective corpse." <u>Id.</u> at 46.

Because defendants' motion should be denied for the reasons stated above, the court need not address plaintiff's remaining arguments.


<u>CONCLUSION</u>

Defendants' Motion for Entry of Final Judgment of Dismissal of Counterclaim and Denial of Leave to Amend (document no. 52) is denied.

SO ORDERED.


_____
Paul Barbadoro
United States District Judge

January 13, 1993

cc:  Charles W. Grau, Esq.
     Jeffrey Karlin, Esq.
     Joseph Demko, Esq.

6