USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 96-1777 SARGENT D. NICHOLS, INDIVIDUALLY AND AS HE IS TRUSTEE OF ANDOVER NORTHWAY REALTY TRUST, ET AL., Plaintiffs, Appellants, v. THE CADLE CO., Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _________________________ Gilbert R. Hoy, Jr. for appellants. ___________________ Alvin S. Nathanson, with whom Shannon M. Fitzpatrick and ___________________ _______________________ Nathanson & Goldberg, PC were on brief, for appellee. ________________________ _________________________ December 19, 1996 _________________________ Per Curiam. This appeal illustrates once again that Per Curiam. __________ the overly generous use of Fed. R. Civ. P. 54(b) by a well- intentioned district judge can create a minefield for litigants and appellate courts alike. Though the appeal itself amounts to an exercise in futility, see infra, it should serve as a reminder ___ _____ that haste makes waste. There are often untoward consequences when judges too readily acquiesce in the suggested entry of "partial" final judgments. The basic procedural facts are undisputed. The plaintiffs owned valuable commercial real estate located in Peabody, Massachusetts. After their original lender plummeted into receivership, the defendant Cadle Co. (Cadle) acquired the mortgage on the property from the Federal Deposit Insurance Corporation. Inasmuch as the mortgage note was in arrears, Cadle foreclosed on the property and took possession of it. The plaintiffs sued, claiming inter alia breach of an _____ ____ agreement to forbear (count 1), wrongful interference with economic relationships (count 2), fraud (count 3), and unfair trade practices in violation of Mass. Gen. L. ch. 93A, 11 (count 5). The plaintiffs also sought specific performance of the supposed forbearance agreement (count 4) and declaratory relief (count 6). All six counts implicated the mortgage note, the foreclosure, and Cadle's conduct in respect thereto. Cadle denied the plaintiffs' allegations, pointed to the relatively low price that the property had brought at auction, and counterclaimed for the deficiency that it thought was due on the 2 mortgage note. After discovery had been conducted, the district court granted partial summary judgment in Cadle's favor. This ruling dispatched counts 1, 2, 3, 4, and 6 of the complaint, leaving count 5 and Cadle's counterclaims unaffected. The court thereafter certified the judgment as final under Rule 54(b).1 Although the court made a rote recitation that there was no just reason to delay the entry of judgment, it failed to substantiate that conclusion. Using the district court's Rule 54(b) certificate as a springboard, the plaintiffs prosecuted this appeal. It is trite, but true, that piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly. See, e.g., Consolidated Rail ___ ____ _________________ Corp. v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); _____ __________________ Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. _______ ________________________ 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st ___________ _________________ Cir. 1986). We have also admonished that a district court intent  ____________________ 1Ordinarily, a judgment is final (and, thus, appealable under 28 U.S.C. 1291) only if it conclusively determines all claims of all parties to the action. See generally Catlin v. ___ _________ ______ United States, 324 U.S. 229, 233 (1945) (stating that a final _____________ decision generally is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). Rule 54(b) limns an exception to this principle. It provides in relevant part: "When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of [such a] judgment. . . ." 3 upon setting the stage for the fragmentation of appellate review must explain the need for entering an earlier-than-usual judgment at least in cases where the explanation is not obvious from the record. See Feinstein v. Resolution Trust Corp., 942 F.2d 34, 39 ___ _________ ______________________ (1st Cir. 1991); Spiegel, 843 F.2d at 43 & n.4; Pahlavi v. _______ _______ Palandjian, 744 F.2d 902, 905 (1st Cir. 1984). __________ In this instance the district court volunteered no meaningful explanation for its determination that a judgment should enter even though a substantial part of the case remained untried,2 and no good reason for the certification is apparent. The claims adjudicated on summary judgment and certified for appeal are inextricably intertwined with the claims left pending in the district court, and the parties to both sets of claims are precisely the same. As we predicted in Spiegel, 843 F.2d at 44, _______ "[i]t will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." This case falls within the generality of that prediction, not within the long-odds exception to it.3  ____________________ 2The district court did note in its certificate that all the counts on which it granted summary judgment involved the propriety of the foreclosure. But that tells us very little as the claims that remained likewise involved the propriety of the foreclosure. The court also noted the desirability of discharging the lis pendens that the plaintiffs had filed, but ___ _______ gave no reason to suspect that any particular urgency attended this discharge. 3This case offers a testimonial to the wisdom that underlies the Spiegel doctrine. After the appeal had been fully briefed, _______ the district court conducted a trial on the remaining claims and counterclaims. Cadle prevailed across the board. Immediately thereafter it moved to dismiss the appeal on grounds of res judicata and collateral estoppel. We do not reach the issues 4 Finally, the record reflects no special circumstances or overriding equities that might counsel in favor of permitting an immediate appeal from a plainly interlocutory order. We need go no further. Since the Rule 54(b) certificate in this case was improvidently granted, we lack appellate jurisdiction. See Consolidated Rail, 861 F.2d at 326; ___ _________________ Spiegel, 843 F.2d at 46. _______ The appeal is dismissed without prejudice for want of _______________________________________________________ appellate jurisdiction. All parties shall bear their own costs. ______________________ ______________________________________  ____________________ raised in the motion to dismiss, but its content illuminates the Serbonian bog into which appellate courts can be plunged by relaxed application of the rigorous standards that ought to be associated with Rule 54(b) certifications. 5