Storage Computer v. Worldwide          CV-02-100-JM  07/17/02  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Storage Computer Corporation


    v.                                      Civil No. 02-100-JM
                                        Opinion No. 2002 DNH 134

Worldwide Domination Corporation et al.


**O R D E R**

On April 24, 2002, the Court entered a default for

Defendants Worldwide Domination Corporation ("Worldwide"),

Crimson Media Group, LLC ("Crimson") and Alejandro Mascardi

("Mascardi") who had failed to appear in this action.  The Court

scheduled an evidentiary hearing for July 9, 2002 on Plaintiff

Storage Computer Corporation's ("Storage Computer" or

"Plaintiff") request for a permanent injunction and damages.

Prior to the hearing, on April 30, 2002,  Mascardi moved for

leave to file late motions to dismiss.  Pursuant to the Court's

order, Mascardi later filed a Motion to Strike Default.  At the

July 9, 2002 hearing, the Court granted Mascardi's Motion to

Strike Default and granted Mascardi's Motion for Leave to file a

late motion to dismiss based on Mascardi's contention that the

Court lacks personal jurisdiction over him.[1]  Plaintiff then made an oral motion under Rule 54(b) of the Federal Rules of Civil Procedure to enter final judgment against Defendants Worldwide and Crimson, who are still in default, and the Court held an evidentiary hearing.  For the reasons set for herein, Plaintiff's Rule 54(b) motion is granted.

BACKGROUND

Storage Computer is in the business of developing and custom creating certain software and hardware connected with video productions and internet operation.  Worldwide engaged in the business of digital video broadcasting and internet operations.

On May 2, 2001, Storage Computer entered into a purchase agreement (the "Purchase Agreement") with Worldwide.  Mascardi executed the Purchase Agreement on Worldwide's behalf.  The Purchase Agreement provided, among other things, that Storage Computer would sell certain products, software and hardware to Worldwide, install and train Worldwide to operate the products and software, license Worldwide to use the products and software, and provide Worldwide with consulting, maintenance and warranty services.  In return, Worldwide agreed to pay Storage Computer a

_____

[1]The Court's decision on Mascardi's Motion to Dismiss is pending.

2

total purchase price of $1,350,000. The payments were to be made in installments. The Purchase Agreement also provided that Storage Computer could terminate the Agreement in the event of a default and could accelerate the payments owed to it so that all monies owed to Storage Computer would become due immediately.

On August 16, 2001, the parties executed an Amendment No. 1 to Agreement Between Storage Computer Corporation and Worldwide Domination Company, LLC ("Amendment No. 1"). Crimson executed Amendment No. 1 on behalf of Worldwide. Amendment No. 1 altered the payment schedule that Worldwide was obligated to follow, but the total purchase price remained the same.

Pursuant to the terms of the Purchase Agreement and Amendment No. 1, Storage Computer provided customized products and services to Defendants. Defendants, however, failed to make payments that were due on November 30, 2001 and December 30, 2001. Pursuant to the Purchase Agreement, Storage Computer notified Worldwide on about January 3, 2002 that Worldwide had failed to make the necessary payments. As provided for in the Purchase Agreement, Storage Computer accelerated the remaining payments and declared the balance of $560,000 due immediately.

Defendants have not paid any of the balance due. Instead,

on January 31, 2002, Worldwide notified Storage Computer by letter that "due to the financial crisis in Argentina", Defendants would "not be able to pay off the outstanding debts and credit lines until this matter is resolved."

Subsequently, Storage Computer learned that Worldwide lost its financial backing, was unable to meet payroll and ceased operations. Storage Computer also learned that Defendants' employees left the company and took computer equipment with them. The products that Storage Computer provided to Defendants under the terms of the Purchase Agreement are easily removable, and Plaintiff is concerned that it will not be able to recover them.

Storage Computer sought immediate relief in this Court in the form of a temporary restraining order prohibiting Defendants from transferring or otherwise removing the products and equipment that Plaintiff supplied to them under the Purchase Agreement. In an Order dated April 5, 2002, the Court granted Storage Computer's request for an ex parte temporary restraining order against the Defendants enjoining them from selling, transferring or assigning computer hardware and software described in a May 2, 2001 Purchase Agreement and in an August 16, 2001 Amendment No. 1 to Agreement Between Storage Computer

4

Corporation and Worldwide Domination Company, LLC.

Having failed to ever appear or otherwise plead, the clerk entered a default as to Worldwide, Crimson and Mascardi on April 24, 2002 and scheduled an evidentiary hearing to determine Plaintiff's damages. Since that time, only Mascardi moved to have the entry of default set aside.[2]

At the evidentiary hearing held on July 9, 2002, Storage Computer put forth evidence in the form of exhibits, a declaration, and live testimony by Joseph Bamford, Storage Computer's corporate general counsel, establishing its damages for breach of contract. The evidence shows that Worldwide failed to make the following three payments pursuant to the parties' agreement: $280,000.00 due on November 20, 2001, $140,000.00 due on December 30, 2001, and $140,000.00 due on January 15, 2002. The evidence further shows that the contract provides that interest on overdue payments accrues at a rate of one percent (1%) per month.

---

[2]Counsel for Mascardi entered a special appearance on behalf of Mascardi, Worldwide and Crimson on April 30, 2002. At the July 9, 2002 hearing, however, counsel for Mascardi indicated that Worldwide and Crimson did not intend to contest the default or the assessment of damages against them.

## DISCUSSION

Rule 54(b) permits "the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Plaintiff moves for the entry of final judgment under Rule 54(b) against Worldwide and Crimson only.

Plaintiff put forth evidence at the July 9, 2002 hearing that established that there is a pressing, exceptional need to relax the general prohibition against interim dispositions throughout an action. See Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988) (the district court must determine whether the equities require relaxing the usual prohibition against piecemeal dispositions); Consolidated Rail Corp. v. Fore River Ry., 861 F.2d 322, 325 (1st Cir. 1988) (Rule 54(b) authorizes the district court to exercise discretionary power to afford a remedy in the infrequent harsh case). Based on the record before me, I find that the two corporate Defendants are not active corporations and that they are holding and have custody of assets that, which given their defaulted status, will ultimately belong to Plaintiff. Absent a permanent injunction

6

against Worldwide and Crimson, the equipment provided by Storage Computer to Defendants is at risk of being damaged or removed. Approximately fifteen percent of the equipment provided by Storage Computer is in Worldwide's Miami, Florida, offices. If Worldwide is in default of a building lease, Plaintiff's recovery of the property at that location is at risk. Pursuant to the contract between the parties, the remainder of the equipment is being held on Worldwide and Crimson's behalf at a network operating center in Miami and certain point of presence facilities located in four other cities. Those facilities may dispose of that property to the Plaintiff's detriment because the Defendants have defaulted on lease agreements with those facilities. I find that a delay in the entry of judgment will cause an injustice to the Plaintiff because Plaintiff may be unable to collect on the property and mitigate its damages.

The remaining Defendant, Mascardi, does not challenge Plaintiff's claim on the merits. Worldwide holds title to the equipment that is the subject of Storage Computer's motion for injunctive relief. Storage Computer's claims against Mascardi are strictly for money owed. Mascardi contends that he assigned the Purchase Agreement to Worldwide prior to the default, that he

7

has never been to New Hampshire, and that he has not had contacts with the State of New Hampshire that should render him amenable to suit here. Storage Computer's pursuit of injunctive relief to preserve assets, and ultimately to collect against that equipment, may proceed as against the defaulted defendants without affecting the jurisdictional issues raised by Mascardi. Since the issues raised by and against Mascardi are sufficiently distinct from those raised against the defaulted defendants, I find that Storage Computer's request for the entry judgment against Worldwide and Crimson only pursuant to Rule 54(b) of the Federal Rules of Civil Procedure should be granted.

## CONCLUSION

Plaintiff's claim for a sum certain having been established by exhibits, a declaration, and live testimony at a hearing, and Plaintiff having demonstrated that there is no reason for delay, the Court directs that final judgment be entered against Worldwide and Crimson in accordance with Fed. R. Civ. P. 54(b) and 58 as follows:

1. Defendants Worldwide Domination Corporation ("Worldwide") and Crimson Media Group, LLC ("Crimson") are in default for failure to answer or otherwise plead as required by Rules 8 and 12(a)(1)(A) of the Federal Rules of Civil Procedure.

8

2.  Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason to delay the entry of judgment in favor of Storage Computer against Defendants Worldwide and Crimson pending the resolution of Defendant Alejandro Mascardi's motion to dismiss and later proceedings, if any, concerning Mascardi.  Worldwide and Crimson have not raised any jurisdictional issues.  Worldwide holds title to the equipment that is the subject of Storage Computer's motion for injunctive relief.  Storage Computer's claims against Mascardi are strictly for money owed.  Storage Computer's pursuit of injunctive relief, and ultimately of collection against that equipment, may proceed as against the defaulted defendants without affecting the jurisdictional issues raised by Mascardi.  Since the issues raised by and against Mascardi are sufficiently distinct from those raised against the defaulted defendants, the Court shall enter judgment against Worldwide and Crimson only.

3.  Defendants Worldwide and Crimson, their officers, agents, servants, employees, and attorneys, and any persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined from selling, transferring, assigning, transporting or using the products, hardware and software described in a May 2, 2001 Purchase Agreement and in an August 16, 2001 Amendment No. 1 to Agreement Between Storage Computer Corporation and Worldwide Domination Company, LLC.  The Court expressly finds that Mascardi has received actual notice of this order by his counsel's appearance at the July 9, 2002 hearing.  To the extent that Mascardi is a director, officer or employee of either Worldwide or Crimson he is included within the scope of the injunction.

9

4. The Clerk of Court shall enter judgment in Storage Computer's favor against Worldwide and Crimson in the amount of $560,000.00 plus interest in the amount of $37,379.75 as of July 9, 2002 pursuant to the August 16, 2001 Amendment to Purchase Agreement. The total judgment awarded is $597,379.75, plus 186.66 per diem in interest.

5. Storage Computer is released from the $2,000 bond set by the Court in its April 5, 2002 order on Storage Computer's motion for a temporary restraining order.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 17, 2002

cc:  Thomas J. Pappas, Esq.
     Frank E. Kenison, Esq.