

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re:<br>SILVER STATE BROADCASTING, LLC,<br>Debtor; GOLDEN STATE<br>BROADCASTING, LLC, Jointly<br>Administered Debtor; MAJOR MARKET<br>RADIO, LLC, Jointly Administered<br>Debtor. | BAP No. NV-23-1111-NFB<br><br>Bk. No. 21-14978-ABL |
| SILVER STATE BROADCASTING, LLC;<br>GOLDEN STATE BROADCASTING, LLC;<br>MAJOR MARKET RADIO, LLC,<br>                    Appellants,<br>v.<br>MICHAEL WARREN CARMEL, Chapter<br>11 Trustee; W. LAWRENCE PATRICK,<br>Receiver; U.S. TRUSTEE,<br>                    Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Nevada
August B. Landis, Chief Bankruptcy Judge, Presiding

Before: NIEMANN,[**] FARIS, and BRAND, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] Hon. Jennifer E. Niemann, U.S. Bankruptcy Judge for the Eastern District of California, sitting by designation.

## INTRODUCTION

A federal court entered judgment against Silver State Broadcasting, LLC ("Silver State"), Golden State Broadcasting, LLC ("Golden State"), and Major Market Radio, LLC (together, "Chapter 11[1] Debtors"), and others, jointly and severally. The Chapter 11 Debtors moved the bankruptcy court to extend the automatic stay to protect other judgment debtors from collection actions. The bankruptcy court denied the motion, and the Chapter 11 Debtors appealed. We discern no error and AFFIRM.

## FACTS

### A. Background of the Chapter 11 Debtors

The Chapter 11 Debtors own several radio stations. Royce International Broadcasting Corporation ("Royce") holds the equity interest in the Chapter 11 Debtors, and Edward Stolz owns Royce. Ownership of the equipment and personal property required to operate the Chapter 11 Debtors' various radio stations is in dispute. Mr. Stolz contends that such equipment and personal property belong to him, while the chapter 11 trustee contends that the equipment and personal property belong to the Chapter 11 Debtors.

### B. Prepetition Lawsuit

In August 2018, a judgment was entered by the United States District Court for the Central District of California ("District Court") against Silver

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

State, Golden State, Royce, Mr. Stolz, and Playa Del Sol Broadcasters ("Playa") (together, "Judgment Debtors"), jointly and severally in the amount of $1,249,563.46 for violation of the Federal Copyright Act. *WB Music Corp. v. Royce Int'l Broad. Corp.*, 47 F.4th 944, 946 (9th Cir. 2022). The Judgment Debtors did not pay the judgment.

In July 2020, the District Court appointed W. Lawrence Patrick ("Receiver") as a receiver to facilitate collection of the outstanding judgment from the Judgment Debtors. *Id.* at 947-48. The Judgment Debtors subsequently deposited enough funds with the District Court to satisfy the original judgment plus interest but not enough to ensure that all expenses of the receivership would be paid. *Id.* at 948-49. The receivership was still in place when the Chapter 11 Debtors filed their voluntary petitions on October 19, 2021.

## C.    Postpetition Collection Efforts in Prepetition Lawsuit

After the Ninth Circuit affirmed the District Court's decision not to terminate the receivership until all receivership expenses had been paid, the District Court signed an order in February 2023 approving a total of $2,078,076.95 in additional fees and costs to Receiver and his professionals as to all the Judgment Debtors except Silver State and Golden State ("Fee Order").

On March 10, 2023, Michael Carmel ("Trustee") was appointed as the chapter 11 trustee for the Chapter 11 Debtors' jointly administered bankruptcy cases.

3

On May 5, 2023, Receiver applied to the District Court for the issuance of a writ of execution to enforce the Fee Order as to Royce, Mr. Stoltz, and Playa, but not as to Silver State and Golden State. The District Court granted Receiver's ex parte application on May 9, 2023.

**D.     Emergency Motion in Bankruptcy Court**

On May 15, 2023, the Chapter 11 Debtors filed an emergency motion in the bankruptcy court for an order determining that Receiver violated the automatic stay imposed by § 362(a)(1) and (6) by his attempts to have the District Court determine the amount of fees as set forth in the Fee Order and permit Receiver to collect on the Fee Order by levying on assets owned by non-debtors Royce and Mr. Stolz.

Receiver and Trustee both opposed the Chapter 11 Debtors' emergency motion. Trustee asserted that, based on Trustee's preliminary investigations, the bankruptcy estates owned (or at least had an interest in) the equipment and personal property used to operate the Chapter 11 Debtors' radio stations. Trustee argued that the automatic stay protected the radio station equipment or personal property, and the bankruptcy court should not lift the stay as to those items. Trustee also stated that the automatic stay did not prevent Receiver from collecting from Mr. Stolz's property, citing *Aerodynamics Inc. v. Caesars Entertainment Operating Co.*, Case No. 2:15-cv-01344-JAD-BNW, 2020 WL 5995488, at *2 (D. Nev. Oct. 9, 2020).

4

To avert needless litigation, Receiver agreed not to execute on equipment or personal property used by the Chapter 11 Debtors in the operation of their radio stations. Receiver argued that the Fee Order was an award of fees against only the non-debtor Judgment Debtors, as was the right to execute on the Fee Order. Therefore, the Fee Order and related right to execute were not actions with respect to a claim against the Chapter 11 Debtors. Receiver also argued that while the motion sought to enjoin Receiver from seeking to execute against assets of the Judgment Debtors other than the Chapter 11 Debtors, such a request should have been brought as an adversary proceeding. Moreover, even if such a request had been made properly, the Chapter 11 Debtors would be unable to satisfy their burden to justify such an injunction.

The bankruptcy court heard oral argument on the Chapter 11 Debtors' motion on June 7, 2023. The Chapter 11 Debtors argued that the automatic stay should apply to the non-debtor Judgment Debtors for two reasons. First, Receiver should not be permitted to execute on the equipment used by the Chapter 11 Debtors to operate their radio stations and prevent Trustee from selling the Chapter 11 Debtors' assets as a "going concern." Second, Receiver filed a proof of claim in the Chapter 11 Debtors' cases in January or February 2022 for the same fees that were the subject of the Fee Order and, because Receiver filed a proof of claim in the bankruptcy court, jurisdiction over Receiver's fee claims was transferred to the bankruptcy court. The Chapter 11 Debtors asserted that the bankruptcy

5

court needed to be able to decide the amount of Receiver's filed fee claims without interference by another court, citing *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995). According to the Chapter 11 Debtors, the *Aerodynamics* case did not preclude the bankruptcy court from dealing with the non-debtor Judgment Debtors if such interference is important to the success of the bankruptcy estate.

Trustee and Receiver confirmed that they had agreed between themselves that any order entered on the Chapter 11 Debtors' motion should provide specifically that the automatic stay extends to any equipment or personal property necessary to operate the stations whether the property belongs to the Chapter 11 Debtors or to Mr. Stolz.

The bankruptcy court determined that § 362(a) applies to the equipment and personal property used by the Chapter 11 Debtors in the operation of their radio stations. However, the bankruptcy court determined that § 362(a) does not protect assets of Royce and Mr. Stolz under the plain language of the Bankruptcy Code and black-letter law, citing *Aerodynamics*, notwithstanding the fact that they are jointly and severally liable with two of the Chapter 11 Debtors (Silver State and Golden State) on the judgment. The court granted the Chapter 11 Debtors' motion as to all equipment, personal property, and other assets used in the operation of the Chapter 11 Debtors' radio stations and denied it in all other respects.

The Chapter 11 Debtors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by holding that the automatic stay did not protect the non-debtor Judgment Debtors Royce and Mr. Stolz and by not enjoining Receiver, who had filed a proof of claim in the Chapter 11 Debtors' bankruptcy cases, from liquidating or enforcing a joint and several claim against the non-debtor Judgment Debtors Royce and Mr. Stolz in the District Court?

## STANDARD OF REVIEW

We review de novo the bankruptcy court's conclusions of law. *Parks v. Drummond (In re Parks)*, 475 B.R. 703, 706 (9th Cir. BAP 2012). The bankruptcy court's determination regarding the scope or applicability of the automatic stay is also reviewed de novo. *Lehman Com. Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC)*, 423 B.R. 655, 663 (9th Cir. BAP 2009), *aff'd*, 654 F.3d 868 (9th Cir. 2011).

Under de novo review, we "consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

The Chapter 11 Debtors' appeal stems from their contention that once Receiver filed a proof of claim in the Chapter 11 Debtors' bankruptcy cases,

Receiver subjected himself to the bankruptcy court's jurisdiction to adjudicate those claims and could no longer adjudicate those claims in the District Court. Citing *Katchen v. Landy*, 382 U.S. 323 (1966), the Chapter 11 Debtors assert that a creditor who invokes the aid of the bankruptcy court by filing a proof of claim and demanding its allowance must abide the consequences of that procedure. "By filing a claim against a bankruptcy estate, the creditor triggers the process of allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (cleaned up).

While the bankruptcy court has jurisdiction to allow or disallow Receiver's claim against the Chapter 11 Debtors, that was not the question before the bankruptcy court. Rather, the question was whether filing a proof of claim under which a debtor has joint and several liability with a non-debtor should "extend the automatic stay" to the non-debtor judgment debtor. As correctly analyzed by the bankruptcy court, the answer is no.

Nothing in the express language of § 362(a) extends the automatic stay to non-debtors. The automatic stay protects only the debtor, the debtor's property, and the property of the debtor's bankruptcy estate. § 362(a). It does not protect the debtor's owners, affiliates, or co-obligees. *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.)*, 23 F.3d 241, 246 (9th Cir. 1994) (stating that the automatic stay "protects only the debtor, property of the debtor or property of the estate . . . [and] does not stay actions against guarantors, sureties, corporate

affiliates, or other non-debtor parties liable on the debts of the debtor"). The filing of a proof of claim by a party does not alter this analysis.

Moreover, "extensions" of the automatic stay to non-debtors, "although referred to as extensions of the automatic stay, are in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Aerodynamics*, 2020 WL 5995488, at *2. Injunctions against non-debtors may only be obtained through § 105(a) after application of the "usual preliminary injunction standard," which "helps to ensure that stays would not be granted lightly." *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1094-95 (9th Cir. 2007). Here, the Chapter 11 Debtors sought to extend the automatic stay to the non-debtor Judgment Debtors Royce and Mr. Stolz only through a motion, rather than an adversary proceeding seeking to enjoin Receiver, and without satisfying the exacting standard for preliminary injunctive relief.

## CONCLUSION

The bankruptcy court correctly held that the automatic stay does not protect Royce and Mr. Stolz. Accordingly, we AFFIRM.